[Cite as *Zura v. Ohio Dept. of Transp.*, 2011-Ohio-1950.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

W. JOHN ZURA

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-09663-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}  Plaintiff, W. John Zura, filed this action against defendant, Department of Transportation (ODOT), contending his 2004 Pontiac Grand Prix was damaged as a proximate cause of negligence on the part of ODOT in maintaining a raised pavement marker (RPM or reflector) on State Route 2 in Erie County.  In his complaint, plaintiff offered a narrative description of his damage incident noting:  "[w]hile driving at about 60 mph in the right hand lane, another vehicle passed me in the left hand lane, and upon crossing lanes, ran over a raised pavement marker, that dislodged from the road and struck my vehicle on the left rear door."  Plaintiff recalled the described incident occurred on April 15, 2010 at approximately 1:26 p.m.  Plaintiff submitted a "Traffic Crash Report" compiled by the local Ohio State Highway Patrol (OSHP) which contained a handwritten statement from plaintiff addressing his recollection of the April 15, 2010 property damage event.  Plaintiff wrote:  "car passed me in the passing lane and seen something fly toward my car heard a thud as something hit my car."  According to information provided in the OSHP "Traffic Crash Report," the damage-causing reflector was uprooted from the pavement before the passing motorist struck it.  Plaintiff requested damage recovery in the amount of $644.33, the complete cost of

repairing the door on his 2004 Pontiac Grand Prix. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose or defective RPM on the roadway prior to plaintiff's April 15, 2010 property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose reflector which ODOT located "at milepost 6.80 on SR 2 in Erie County." Defendant advised, "[t]his section of roadway has an average daily traffic count between 24,980 and 28,590," however, no record of any prior complaint regarding a dislodged RPM was received. Defendant contended plaintiff did not produce any evidence to establish the length of time the dislodged reflector was on the roadway at milepost 6.80 prior to 1:26 p.m. on April 15, 2010. Defendant suggested the uprooted road reflector condition "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer any evidence to prove his property damage was proximately caused by any conduct attributable to ODOT personnel. Defendant explained ODOT conducted various maintenance operations on this particular section of State Route 2 during the six-month period preceding April 15, 2010. Defendant noted that ODOT workers "conducted thirty-one (31) Litter Pick-ups on SR 2 for the past six months and there was a crew doing Litter Pick-up on April 13, 2010, which is two days before plaintiff's incident." Apparently, no problems with dislodged reflectors were discovered during the time ODOT crews were working on April 13, 2010. Defendant stated that if "ODOT work crews were doing activities such that if there was a noticeable defect with any raised or loosened pavement markers it would have immediately been repaired." Defendant argued it did not believe ODOT breached any duty of care owed to the motoring public in regard to roadway maintenance.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss

and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively causes such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular reflector condition prior to 1:26 p.m. on April 15, 2010.

{¶ 7} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including uprooted reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a

general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the debris condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} Plaintiff has not produced any evidence to indicate the length of time that the debris condition was present on the roadway prior to the incident forming the basis of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris condition appeared on the roadway. *Spires v. Ohio Department of Transportation* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged RPM.

{¶ 10} Evidence in the instant action tends to show the damage-causing reflector was originally uprooted by an unidentified third party motorist and subsequently propelled into the path of plaintiff's car by another motorist not affiliated with ODOT. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E.

2d 769.  However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him, or that his injury was proximately caused by defendant's negligence.  Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant or its agents.  *Hall v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of State Route 2 where plaintiff's damage incident occurred.  Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage.  Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance.  Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle.  *Prstojevic v. Dept. of Transp., Dist. 3*, Ct. of Cl. No. 2009-08519-AD, 2010-Ohio-2186.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

W. JOHN ZURA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-09663-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

W. John Zura
105 James Street
Marblehead, Ohio 43440

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
12/27
Filed 2/4/11
Sent to S.C. reporter 4/15/11