[Cite as *Wess v. Ohio Dept. of Transp.*, 2011-Ohio-3780.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT F. WESS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 5

    Defendant

   Case No. 2011-01127-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Robert F. Wess, filed this action against defendant, Department of Transportation (ODOT), contending his 2006 Chevrolet C7500 truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a road reflector on State Route 555 in Muskingum County. In his complaint, plaintiff provided a narrative description of his damage incident noting he was traveling on State Route 555 in Zanesville on December 8, 2010 when he "felt a thump in the rear of the truck" and when he subsequently stopped to examine his vehicle he discovered the truck "had run over a detached metal lane reflector that was in the driving lane close to the center of the road." Plaintiff explained the detached road reflector punctured one of his truck tires creating "a 4"-5" hole." Plaintiff submitted photographs depicting the damage-causing road reflector, the highway surface where the reflector was anchored, and the damaged truck tire. Plaintiff requested damages in the amount of $491.74, the total stated cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no

ODOT personnel breached any duty owed to plaintiff in regard to roadway maintenance of a pavement marker (reflector) on State Route 555 in Muskingum County. Defendant asserted plaintiff failed to provide any evidence to establish his property damage was attributable to any conduct on the part of ODOT. Furthermore, defendant asserted plaintiff failed to provide any evidence indicating the length of time the road reflector was loose or detached from the roadway surface prior to the December 8, 2010 damage occurrence. Defendant explained State Route 555 was regularly maintained in the vicinity of plaintiff's damage incident with ODOT personnel conducting "eighteen (18) maintenance operations in the area during the six-month period before" December 8, 2010. Defendant further explained "[w]ithin these eighteen (18) maintenance operations (records submitted), four (4) of them were for Litter Pickup and ODOT was there on November 23, 2010." Defendant related "ODOT crews were doing activities such that if there was a noticeable defect with any raised or loosened pavement markers, it would have immediately been repaired." The submitted records reflect ODOT personnel were last in the area prior to December 8, 2010 on November 29, 2010 when ditch work was conducted.

{¶ 3} Plaintiff filed a response acknowledging that he has no evidence to establish the length of time the detached reflector was on the roadway prior to his incident. Plaintiff noted ODOT personnel did not install a new reflector at the location of his incident on State Route 555, but only patched the pavement. Plaintiff provided a photograph depicting the patched pavement area where the reflector had previously been anchored. Plaintiff produced photographs (taken March 18, 2011) depicting a roadway defect on Interstate 70 West at milepost 150.5.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular reflector condition prior to 7:30 p.m. on December 8, 2010.

{¶ 7} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including uprooted reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the debris condition. Therefore, in order to recover plaintiff

must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} Plaintiff has not produced any evidence to indicate the length of time that the debris condition was present on the roadway prior to the incident forming the basis of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged reflector.

{¶ 10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of State Route 555 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of

defendant caused the damage to his vehicle.  *Prstojevic v. Dept. of Transp., Dist. 3*, Ct. of Cl. No. 2009-08519-AD, 2010-Ohio-2186.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT F. WESS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 5

    Defendant

    Case No. 2011-01127-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert F. Wess                              Jerry Wray, Director
16246 Laurel Hill Road S.E.                 Department of Transportation
Glenford, Ohio  43739                       1980 West Broad Street
                                            Columbus, Ohio  43223

RDK/laa
3/30
Filed 4/20/11
Sent to S.C. reporter 7/29/11