[Cite as *Poindexter v. Ohio Dept. of Transp.*, 2011-Ohio-5723.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW POINDEXTER,

    Plaintiff,

    v.

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.

:   Case No. 2011-03090-AD

:   Acting Clerk Daniel R. Borchert

:   <u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Andrew Poindexter, filed this action against defendant, Department of Transportation (ODOT), contending his left rear tire was damaged as a proximate result of negligence on the part of ODOT in maintaining a road reflector on State Route 9 in Belmont County. In his complaint, plaintiff provided a narrative description of his damage incident noting on February 24, 2011, at approximately 8:30 p.m., he was traveling on State Route 9 when "a road reflector pulled out of the ground * * * and blew out my left rear tire." Plaintiff requested damages in the amount of $254.29, the cost of a replacement tire. The $25.00 filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any notice of a loose reflector on SR 9 prior to plaintiff's incident. Defendant located plaintiff's incident at milepost 10.50 on SR 9 in Belmont County. Defendant asserted plaintiff failed to provide any evidence to establish his property damage was attributable to any conduct on the part of ODOT. Furthermore, defendant asserted plaintiff failed to provide any evidence indicating the length of time the road reflector was loose or detached from the roadway surface prior to his February 24, 2011 damage occurrence. Defendant explained SR 9 was regularly maintained in the vicinity

of plaintiff's damage incident with ODOT personnel conducting ten (10) maintenance operations on SR 9 at or near milepost 10.50 in the past six months. Defendant further explained ODOT was performing maintenance of signs on February 23, 2011, the day before plaintiff's incident. Defendant related, "if there was a noticeable defect with any raised or loosened reflector, it would have immediately been repaired."

{¶ 3} Plaintiff did not file a response.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular reflector condition prior to February 24, 2011.

{¶ 7} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including uprooted reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the loose reflector. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} Plaintiff has not produced any evidence to indicate the length of time that the road reflector was present on the roadway prior to the incident forming the basis of

this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged reflector.

{¶ 10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of SR 9 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle. *Prstojevic v. Dept. of Transp., Dist. 3*, Ct. of Cl. No. 2009-08519-AD, 2010-Ohio-2186.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW POINDEXTER,                          :     Case No. 2011-03090-AD

    Plaintiff,

    v.                                              :     Acting Clerk Daniel R. Borchert


OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.                                  :

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Acting Clerk


Entry cc:


Andrew Poindexter                              Jerry Wray, Director
                                               Department of Transportation
                                               1980 West Broad Street
                                               Columbus, Ohio  43223