[Cite as *Tyson v. Ohio Dept. of Transp.- Dist. 6*, 2011-Ohio-6988.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE MATTHEW TYSON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION (DIST 6)

    Defendant

Case No. 2011-08768-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} Plaintiff, Lee Matthew Tyson, filed this action against defendant, Department of Transportation (ODOT), contending his car was damaged as a proximate result of negligence on the part of ODOT in maintaining a road reflector on Interstate 270 in Franklin County. In his complaint, plaintiff provided a narrative description of his damage incident noting on June 3, 2011, at approximately 4:00 p.m., he was traveling southbound on I-270 when his car "was struck by a dislodged road reflector that is mounted in the road to illuminate the lanes at night. The 5 pound reflector impacted the underside of my vehicle, striking the underside of the frame, the fuel filter, gas tank, rear axle and finally the rear portion of the frame." Plaintiff requested damages in the amount of $1,470.69, the estimated cost of replacement parts and associated repair expenses. The $25.00 filing fee was paid.

{¶2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any notice of a loose reflector on I-270 prior to plaintiff's incident. Defendant located plaintiff's incident between mileposts 32.0 and 32.92 on I-270 in Franklin County. Defendant asserted plaintiff failed to provide any evidence to establish his property damage was attributable to any conduct on the part of ODOT. Furthermore, defendant asserted plaintiff failed to provide any evidence indicating the

length of time the road reflector was loose or detached from the roadway surface prior to his June 3, 2011 damage occurrence. Defendant explained I-270 was regularly maintained in the vicinity of plaintiff's damage incident with ODOT personnel conducting "thirty-seven (37) maintenance operations in the area during the six-month period prior to the day of plaintiff's incident." Defendant further explained ODOT was performing litter pick-ups and "was there last on May 19, 2011." Defendant related, "if there was a noticeable defect with any raised or loosened pavement markers it would have immediately been repaired."

{¶3} Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular reflector condition prior to June 3, 2011.

{¶7} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including uprooted reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the loose reflector. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4,*

Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9}    Plaintiff has not produced any evidence to indicate the length of time that the road reflector was present on the roadway prior to the incident forming the basis of this claim.    Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the condition appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.    There is no indication that defendant had constructive notice of the dislodged reflector.

{¶10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of I-270 where plaintiff's damage incident occurred.    Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage.  Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance.  Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle.  *Prstojevic v. Dept. of Transp., Dist. 3*, Ct. of Cl. No. 2009-08519-AD, 2010-Ohio-2186.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE MATTHEW TYSON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION (DIST 6)

    Defendant

Case No. 2011-08768-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lee Matthew Tyson
4112 Loughmoor Drive
Dublin, Ohio  43016

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

9/15
Filed 9/29/11
Sent to S.C. reporter 2/6/12