[Cite as *Rohrer v. Ohio Dept. of Transp. (Dist. 6)*, 2011-Ohio-4582.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TAMARA ROHRER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION (DISTRICT 6)

    Defendant

    Case No. 2011-01950-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} On September 15, 2010, at approximately 7:45 a.m., plaintiff, Tamara Rohrer, was traveling west on Interstate 70 "just before exit #80 (in the far left lane) when the black donut-shaped base of a construction barrel" was struck by the truck traveling in front of plaintiff causing the object to come "flying through the air, landing on the hood of my car." The propelled object struck the front of plaintiff's vehicle causing substantial body and structural damage to the vehicle. Plaintiff implied that the damage to the automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover $607.52, which represents $500.00 for her insurance coverage deductible, and $107.52 for rental car expenses. The filing fee was paid.

{¶2} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, Shelly and Sands, Inc. (Shelly). Defendant related that the particular construction project "dealt with full depth pavement removal *** and other related works

as specified in the plans." According to defendant, the construction project was located at milepost 8.68, and plaintiff's incident would have been "between county mileposts 10.27 and 8.62" on I-70 in Madison County.

{¶3} Defendant asserted that pursuant to the contract terms Shelly has control of the work zone which includes the beginning and end points of the highway project. Consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Shelly, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Shelly is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval.

{¶4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.  The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction.  ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction.  *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151.  Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work.  See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶6} Alternatively, defendant denied that either ODOT or Shelly had any notice "of the construction barrel on I-70" prior to plaintiff's property-damage event.  Defendant pointed out  ODOT records document that two complaints were received at the Madison County Garage regarding the construction on I-70 but not because of debris in the same location as plaintiff's incident.  Defendant argued that plaintiff failed to produce any evidence to prove the damage-causing debris condition was attributable to any conduct on either the part of ODOT or Shelly.  Defendant submitted a copy of an e-mail from ODOT District 6 Manager Tom Besinger who reported that during the time of plaintiff's incident, work "was being performed in the eastbound lanes of I-70 in Madison County" and that the "three westbound lanes were free of traffic control construction barrels." Besinger opined, "I feel confident that no barrels or rings were left in the westbound travelled lanes by Shelly and Sands."

{¶7} Plaintiff filed a response insisting that the base of the barrel that struck her car was equipment from Shelly and that Shelly was negligent.  On May 4, 2011, defendant filed a reply to plaintiff's response wherein defendant essentially reiterated the statements contained in its investigation report.

{¶8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from an unreasonable risk of

harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶9} Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff provided insufficient evidence to show that any construction activity caused the debris condition.

{¶10} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the debris was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris.

{¶11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the debris to be on the roadway. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of*

*Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

{¶12}　In her complaint, plaintiff acknowledged the debris plaintiff's car struck was displaced by a third party, another motorist.  Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled.  *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769, *Jordan v. Ohio Dept. of Transp., Dist. 8,* Ct. of Cl. No. 2010-01336-AD, 2010-Ohio-4583.  However, defendant may still bear liability if it can be established some act or omission on the part of ODOT was the proximate cause of plaintiff's injury.  No evidence has been presented to establish the damage claimed was proximately caused by any act or omission on the part of either ODOT or Shelly.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TAMARA ROHRER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION (DISTRICT 6)

    Defendant

    Case No. 2011-01950-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Tamara Rohrer
107 Frankfort Square
Columbus, Ohio  43206

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
4/29
Filed 6/1/11
Sent to S.C. reporter 9/12/11