[Cite as *Stratton v. Ohio Dept. of Transp.*, 2011-Ohio-5727.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEREMIAH DOUGLAS STRATTON,

 Plaintiff,

  v.

OHIO DEPARTMENT OF TRANSPORTATION,

 Defendant.

:   Case No. 2011-04576-AD

:   Acting Clerk Daniel R. Borchert

:   <u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Jeremiah Stratton, filed this action against defendant, Department of Transportation (ODOT), contending that his 1998 Honda Civic was damaged as a proximate result of negligence on the part of ODOT in maintaining a road reflector on I-270 in Franklin County. In his complaint, plaintiff provided a narrative description of his damage incident noting that he was driving his car on December 2, 2009, at approximately 7:15 a.m. when "a bus kicked up a road reflector lodging it in the driver's side front end against radiator while fracturing multiple places." Plaintiff implied that the damage to the automobile was proximately caused by negligence on the part of ODOT in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover $894.27, which represents the cost of automotive repairs and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris near milepost 42.80 on I-270 in Franklin County. Defendant asserted plaintiff failed to establish the length of time the debris existed on the roadway prior to his property-damage event. Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's

incident." Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Plaintiff did not file a response.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 6} Plaintiff has not provided any evidence to prove that ODOT had actual notice of the loose reflector. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} Plaintiff has not produced any evidence to indicate the length of time that the road reflector was present on the roadway prior to the incident forming the basis of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged reflector.

{¶ 9} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. In addition, plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. or that defendant knew about the particular reflector condition prior to December 2, 2009. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle.

*Prstojevic v. Dept. of Transp., Dist. 3*, Ct. of Cl. No. 2009-08519-AD, 2010-Ohio-2186.

{¶ 10} In his complaint, plaintiff acknowledged the debris plaintiff's car struck was displaced by a third party, another motorist. Defendant has also denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769, *Jordan v. Ohio Dept. of Transp., Dist. 8,* Ct. of Cl. No. 2010-01336-AD, 2010-Ohio-4583.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEREMIAH DOUGLAS STRATTON,  : Case No. 2011-04576-AD

    Plaintiff,

    v.  : Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.  :

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Jeremiah Douglas Stratton

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

7/1
Filed 7/21/11
Sent to S.C. reporter 11/4/11