[Cite as *Knoll v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-6999.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK KNOLL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2011-08920-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} In his complaint, plaintiff, Patrick Knoll, stated that on June 23, 2011, at approximately 10:00 a.m. he was traveling south on Interstate 71 when he "saw a large piece of metal fly through the air." Plaintiff recalled that he was unable to avoid the object and that it pierced the hood of his 2007 Ford Explorer. Plaintiff implied that the damage to the automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover $1,247.00, which represents the total cost of related expense associated with having his car repaired. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris between mileposts 12.44 and 15.80 on I-71 in Hamilton County. Defendant asserted plaintiff failed to establish the length of time the debris existed on the roadway prior to his property-damage event. Defendant suggested, "that the debris existed in that location for only a relatively short amount of

time before plaintiff's incident." Defendant explained that Interstate 71 was regularly maintained in the vicinity of plaintiff's damage incident with ODOT personnel conducting "thirty-six (36) maintenance operations." Defendant further explained that, "twenty (20) were litter pick-ups in the southbound direction of I-71." Defendant related that "if ODOT personnel had found any debris it would have been picked up." Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Plaintiff did not file a response.

{¶3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶5} Alternatively, defendant denied that ODOT maintained its roadways negligently. Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Plaintiff provided insufficient evidence to show that any ODOT activity caused the debris condition.

{¶6} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the debris was present on the roadway prior to the incident forming the basis of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris.

{¶7} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the debris to be on the roadway. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶8} In his complaint, plaintiff acknowledged the debris plaintiff's car struck was displaced by a third party, another motorist. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769, *Jordan v. Ohio Dept. of Transp., Dist. 8,* Ct. of Cl. No. 2010-01336-AD, 2010-Ohio-4583. However, defendant may still bear liability if it can be established some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. No evidence has been presented to establish the damage claimed was proximately caused by any act or omission on the part of ODOT. Consequently, plaintiff's claim shall be denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK KNOLL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2011-08920-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Patrick Knoll
10073 Bennington Drive
Cincinnati, Ohio 45241

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

9/29
Filed 10/6/11
Sent to S.C. reporter 2/16/12